UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROSE MARIE DAMIANO,

Plaintiff,

v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA, et al.,

Defendants.

Case No. 25-cv-09628-NC

**ORDER GRANTING
DEFENDANT'S MOTION TO
DISMISS WITHOUT LEAVE TO
AMEND**

Re: ECF 7

This civil case arises out of Plaintiff Rose Marie Damiano's claim for group life insurance benefits relating to her then-husband, Gopal Vasudevan. Damiano alleges that Defendant Prudential Insurance Company committed fraud and made negligent misrepresentations when it responded to her subpoena indicating that it had no documents relating to Vasudevan. This is because, Damiano alleges, Vasudevan had two life insurance policies issued by Prudential. Prudential, however, alleges that Vasudevan's life insurance policies were part of group life insurance benefits sponsored by Vasudevan's employer, Lockheed Martin.

Prudential moves to dismiss Damiano's claims under Federal Rule of Civil Procedure 12(b)(6), arguing that her claims are preempted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1144(a) and/or by California Insurance Code § 10172, and that she failed to specifically plead all essential elements of her claims under Federal Rule of Civil Procedure 9(b). Because the Court finds that both of Damiano's

claims in her complaint are preempted by ERISA, the Court GRANTS Prudential's motion to dismiss. Further, the Court grants this motion without leave to amend.

## I.    BACKGROUND

### A.    Factual Allegations

Plaintiff Damiano's Complaint alleges the following facts:

In 2024, Damiano was going through a marital dissolution action with her then-husband Gopal Vasudevan. ECF 1-2 (Compl.) ¶ 4.

Damiano sent a subpoena to Lockheed Martin, Vasudevan's employer at the time, to ascertain what insurance policies might exist and to confirm that Vasudevan had not changed any beneficiaries. *Id*. ¶ 7. This subpoena was served on Lockheed Martin on March 18, 2024. *Id*., Ex. A. On April 25, 2024, Lockheed Martin referred Damiano to Prudential. *Id*. ¶ 8.

Plaintiff also served a subpoena, dated March 19, 2024, on Prudential. *Id*. ¶ 9, Ex. B. Prudential responded on March 26, 2024, and indicated that it had no documents relating to Vasudevan. *Id*. ¶ 9.

Vasudevan passed away on April 13, 2024. *Id*. ¶ 10.

After Vasudevan's passing, Damiano discovered that he had two life insurance policies issued by Prudential, BC 2024935859 and BC 024935860. *Id*. ¶ 11. Prudential alleges, and Plaintiff does not dispute, that these life insurance policies were part of two employee welfare benefit plans sponsored by Lockheed Martin that provided group life coverage. ECF 7 (Mot.) at 4.

After Vasudevan's passing, according to these policies, Prudential paid out $1,889,970.14 and $237,103.66 to Vasudevan's named beneficiaries. Compl. ¶¶ 12, 13. Damiano alleges that that the named beneficiaries were named in violation of Family Code § 2040. *Id.* She further alleges that had Prudential responded to the subpoena properly, she would have been on notice of this violation and would have been in position to seek relief from the court. *Id*. ¶ 14. Damiano did not know of these new beneficiaries until after Vasudevan's passing. *Id.* ¶ 17.

United States District Court
Northern District of California

### B.    Procedural History

Damiano filed her Complaint in Santa Clara County Superior Court on August 20, 2025.  Compl.  Prudential properly removed the action to this Court.  ECF 1.

Prudential moved to dismiss Damiano's Complaint.  ECF 7 (Mot.).  In support of its motion, Prudential requested the Court to either incorporate by reference or take judicial notice of six documents.  *Id.* at 4 n.2; ECF 7-2.  Damiano opposed.  ECF 12 (Opp'n).  Prudential replied.  ECF 14 (Reply).

Both parties have consented to magistrate judge jurisdiction.  ECF 6; ECF 9.

## II.    LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When reviewing a 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party."  *Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014).  A court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III.    INCORPORATION BY REFERENCE AND/OR REQUEST FOR JUDICIAL NOTICE

Prudential requests that the Court incorporate by reference or take judicial notice of six exhibits in support of its motion: (1) the Group Insurance Contract issued by Prudential

to PNC Bank, as Trustee of the Universal Life Insurance Trust for the Employees of Lockheed Martin Corporation (Group Contract No. UG-24444), (2) Amendments to the Group Contract No. UG-24444, (3) the group universal life coverage Booklet-Certificate applicable to salaried employees of Lockheed Martin, (4) the Group Contract issued by Prudential to Lockheed Martin Corporation (Group Contract No. G-23747), (5) the group employee term life coverage Booklet-Certificate applicable to salaried employees enrolled in the basic employee term life flexible benefits plan, and (6) the Rider to the Booklet-Certificate.  ECF 7-2; Mot. at 4 n.2.

The Court incorporates Exhibits 1 and 4 by reference.  A court may consider evidence on which the complaint "necessarily relies" and assume its contents are true for the purposes of a 12(b)(6) motion if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.  *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citations omitted).  Here, Damiano's Complaint refers to Exhibits 1 and 4, the employee plans that included Vasudevan's "two life insurance policies issued by Prudential."  ECF 1 ¶ 11.  These plans are also at the center of Damiano's claims—their existence is foundation of Damiano's causes of action and are also the basis for her damages.  Further, neither party questions the authenticity of these two exhibits.  As such, the Court incorporates Exhibits 1 and 4 by reference.

The Court also takes judicial notice of Exhibit 3.  Exhibit 3 can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned.  *See* Fed. R. Evid. 201(b); *See Terraza v. Safeway Inc*., 241 F. Supp. 3d 1057, 1067 (N.D. Cal. 2017) (taking judicial notice of ERISA plan documents).

The Court declines to take judicial notice or incorporate by reference the remaining exhibits because it finds that they are irrelevant to its ruling.

## IV.   DISCUSSION

Prudential argues that the Court should dismiss Damiano's claims under Rule 12(b)(6) for three reasons: (1) her claims are preempted by ERISA; (2) her claims are

preempted by California Insurance Code § 10172; and (3) she failed to plead all essential elements of her claims with the specificity required by Rule 9(b).  The Court finds that because Damiano's claims are preempted by ERISA, the Court need not address Prudential's remaining arguments and GRANTS Prudential's motion to dismiss without leave to amend.

### A.    Damiano's State Law Claims are Preempted by ERISA

Prudential first argues that Damiano's state law claims are preempted by ERISA because Vasudevan's life insurance policies were provided under an employee welfare benefit plan sponsored by his employer Lockheed Martin.  Mot. at 2.

Section 514(a) of ERISA provides that ERISA provisions "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."  29 U.S.C. § 1144(a).  This preemption clause is "deliberately expansive."  *Olson v. Gen. Dynamics Corp.*, 960 F.2d 1418, 1420 (9th Cir. 1991).  The Court finds that Damiano's state law claims are preempted because Vasudevan's two policies were part of an ERISA-governed "employee benefit plan[s]" and that her state law claims "relate to" the ERISA plans.

### 1.    Vasudevan's Life Insurance Policies Were Part of ERISA-governed "Employee Benefit Plans"

An "employee welfare benefit plan" covered by ERISA comprises "any plan . . . established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) . . . benefits in the event of sickness, accident, disability, [or] death."  *Aloha Airlines, Inc. v. Ahue*, 12 F.3d 1498, 1502 (9th Cir. 1993) (citing 29 U.S.C. § 1002(1)).

Here, Defendant alleges, and Plaintiff does not dispute, that Vasudevan's two life insurance policies were part of employee welfare benefit plans sponsored by Lockheed Martin.  Mot. at 4.  The Court agrees that these plans are subject to ERISA—the plans were established by Lockheed Martin, an employer, for the purpose of providing life coverage for its participants through the purchase of insurance.  ECF 7-5, Ex. 1; ECF 7-8,

United States District Court
Northern District of California

5

Ex. 4. Further, Lockheed Martin performed functions under the policy beyond merely permitting Prudential to publicize the program and collecting and remitting premiums—it also served as the Plan Sponsor, Plan Administrator, and agent for service of legal process, and had the authority to request that the policy be amended. *See* 29 C.F.R. § 2510.3-1(j) (stating that to be exempt from ERISA, an employee welfare benefit plan must meet four factors, including that the sole functions of the employer with respect to the program are to permit the insurer to publicize the program to employees and to collect premiums and to remit them to the insurer); *see Kanne v. Conn. Gen. Life Ins. Co.,* 867 F.2d 489, 493 (9th Cir. 1988) (finding that the plan cannot be exempted from ERISA because the employer served as the plan administrator); Ex. 1 at 10; Ex. 3 at 34. Plaintiff does not dispute this.

As such, the Court finds that the plans that the policies are a part of are covered by ERISA.

### 2. Damiano's State Claims are "Related To" the Plans

The remaining issue in determining whether Damiano's state law claims are preempted, then, is whether her claims of fraud and negligent misrepresentation "relate to" the ERISA-governed plans. The Ninth Circuit has found that for state law claims to "relate to" an ERISA plan, they may have a "connection with" *or* a "reference to" that plan. *Wise v. Verizon Commc'ns, Inc.*, 600 F.3d 1180, 1190 (9th Cir. 2010) (citation omitted). State law claims have a "connection with" an ERISA plan if "the claim bears on an ERISA-regulated relationship." *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1082 (9th Cir. 2009). State law claims have a "reference to" an ERISA plan if "(1) the law acts immediately and exclusively upon ERISA plans, or (2) the existence of ERISA plans is essential to the law's operation." *Id.* The existence of ERISA plans is essential to the law's operation where "the existence of [an ERISA] plan is a critical factor in establishing liability under a under a state cause of action." *Wise*, 600 F.3d at 1190 (citations omitted).

Here, Damiano's state law claims are preempted because her state law causes of action have a "reference to" the ERISA plans. The crux of Damiano's claims of fraud and negligent misrepresentation is that Prudential intentionally or negligently failed to disclose

6

the existence of Vasudevan's policies that were included in the ERISA plans when it stated that it had no information on Vasudevan. *See Hawkes v. Wells Fargo & Co.,* No. 17-CV-00632-JSW, 2018 WL 11182068, at \*7 (N.D. Cal. Jan. 30, 2018) (finding that a plaintiff's state claims have a clear reference to an ERISA plan when they alleged the defendant relayed misinformation about the plan to the plaintiff). As such, but for Vasudevan's ERISA plans, Prudential would not have had an obligation to disclose the plan's existence and Plaintiff would not be suing under state law. *Wise*, 600 F.3d at 1191 (finding that the success of the plaintiff's claims depends on the existence of an ERISA-covered plan). Moreover, her damages for these claims depend on the ERISA plans' existence and beneficiaries. *Id.*; *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 142 (2001) (finding that beneficiaries are an "area of core ERISA concern"). Thus, the ERISA plans play a critical factor in establishing liability, and the reference is more than "tenuous, remote, or peripheral." *N.Y. State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 661 (1995).

Because the Court finds that Damiano's state law claims are preempted because the ERISA plans are a critical factor in establishing liability, it does not matter whether the claims do not act immediately and exclusively upon ERISA plans, or that Plaintiff was not a plan beneficiary or participant. *Hawkes*, 2018 WL 11182068, at \*7.

**B.    The Court Need Not Address Prudential's Remaining Arguments**

Because the Court finds that the state law claims are preempted by ERISA, and both causes of actions in Damiano's Complaint are state claims, the Court need not address Defendant's remaining arguments regarding specificity and insurance.

**C.    The Court Grants the Motion Without Leave to Amend**

The Court grants Prudential's motion to dismiss without leave to amend because amendment would be futile. *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) (citations omitted) (stating a court can deny leave to amend where amendment would be futile). This is because the Court found that Damiano's state law claims are preempted by ERISA, and Damiano is not a participant or beneficiary of the ERISA plans.

Opp'n at 2. "If an individual is not a participant or beneficiary of a plan under ERISA, he lacks standing to bring claims under 29 U.S.C. § 1132(a)(1)." *Fulayter v. Prudential Ins. Co. of Am.*, No. 06-cv-1435-PCT-NVW, 2007 WL 433580, at *8 (D. Ariz. Feb. 6, 2007) (cleaned up) (citing *Chuck v. Hewlett Packard Co.*, 455 F.3d 1026, 1038 (9th Cir. 2006)).

## V.    CONCLUSION

Because the Court finds that both of Damiano's claims in her complaint are preempted by ERISA, the Court GRANTS Prudential's motion to dismiss WITHOUT LEAVE TO AMEND.

**IT IS SO ORDERED.**

Dated: February 26, 2026

NATHANAEL M. COUSINS
United States Magistrate Judge

United States District Court
Northern District of California

8